IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALISI MAPA, | ) | No. C 04-3342 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER GRANTING MOTION TO DISMISS** |
| v. | ) | |
| GLORIA HENRY, | ) | **(Docket Nos. 14 & 17)** |
| Respondent. | ) | |
| _____ | ) | |

On August 17, 2004, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; by order filed October 14, 2004 the Court dismissed the petition with leave to amend within thirty days thereof. On December 1, 2004, the Court dismissed the action on the ground petitioner had failed to file an amended petition; by order filed May 11, 2005, said dismissal was vacated and the case reopened, when it came to the Court's attention that petitioner had in fact filed an amended petition the day before the action was dismissed. In its order of May 11, 2005, the Court ordered respondent to file an answer showing cause why the petition should not be granted based on petitioner's cognizable claims or, in the alternative, to file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"). Now before the Court is respondent's motion, filed July 8, 2005, to dismiss the petition as untimely. Petitioner opposes said motion in a document titled "Motion for Exception/s," and in the "Traverse," Declaration, and exhibits attached thereto. Respondent has filed a reply.

# BACKGROUND

In 2000, a jury in San Mateo County Superior Court found petitioner guilty of arson of a structure, making a terrorist threat, arson of a vehicle, and contempt of court. In a separate proceeding, the trial court found petitioner had sustained a prior conviction. On May 19, 2000, the trial court sentenced petitioner to a term of 19 years and eight months in state prison. On December 6, 2001, the California Court of Appeal affirmed the conviction and sentence, and on February 20, 2002, the California Supreme Court denied the petition for review. On December 17, 2003, petitioner filed a petition for a writ of habeas in the San Mateo County Superior Court, which petition was denied on February 25, 2004. On April 26, 2004, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal, which petition was denied on April 28, 2004. On May 11, 2004, petitioner filed, in the California Supreme Court, a petition for review of the Court of Appeal's denial of his habeas petition and, on July 14, 2004, the petition for review was denied.

# DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Section 2244(d)(1)(A) sets forth the "general rule" that petitions challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."[1] Flanagan v. Johnson, 154 F.3d 196, 198 (9th Cir. 1998).

Here, the state courts' direct review of petitioner's conviction and sentence ended on February 20, 2002, when the Supreme Court of California denied his petition for review. The "time for seeking" direct review under 28 U.S.C. § 2244(d)(1)(A) includes, however, the ninety-day period within which a petitioner can file a petition for a writ of certiorari in the

---

[1] In rare instances, §§ 2244(d)(1)(B)-(D) provide for the running of the limitations period on a date later than the date on which the judgment became final. Neither party contends, nor is there any apparent basis for a finding, that §§ 2244(d)(1)(B)-(D) apply to the instant case.

United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). As a result, petitioner's "time for seeking" direct review expired on May 21, 2002, ninety days after February 20, 2002. One year later, on May 21, 2003, the limitations period expired. As noted, the instant petition was filed in federal court on August 17, 2004, over 14 months after the limitations period expired.

Although the one-year limitations period may be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," see 28 U.S.C. § 2244(d)(2), petitioner's first state habeas petition was not filed until December 17, 2003, nearly seven months after the limitations period had expired. Because petitioner's first application for post-conviction or other collateral review was filed in the state courts after the limitations period already had expired, petitioner is not entitled to tolling pursuant to § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The one-year limitations period may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997). Here, petitioner states she did not file the instant petition on time because she is not familiar with "criminal law, court rules and procedures," and she needed time to research her claims.[2] A pro se petitioner's lack of legal ability is not an extraordinary circumstance warranting equitable tolling, however. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (holding illiteracy of pro se petitioner not sufficient cause to avoid procedural bar). Consequently,

---

[2] Petitioner does not argue she was unaware of AEDPA's one-year limitations period; indeed, petitioner's appellate attorney expressly informed her of such limitations period in a letter dated September 26, 2002. (See Exhibit A attached to Petitioner's August 12, 2005 "Motion for Exceptions.")

equitable tolling is not available based on petitioner's need to research her claims due to her lack of knowledge of criminal law and procedures.

Petitioner also states she did not receive her "court papers" from her appellate attorney until October 2002. The failure of a pro se petitioner's state court attorney to provide her with her file may warrant equitable tolling in some circumstances. See United States v. Battles, 362 F.3d 1195, 1197-98 (9th Cir. 2004) (remanding § 2255 petition to district court to determine whether trial counsel's failure to provide petitioner with transcript warranted equitable tolling); Ford v. Hubbard, 330 F.3d 1086, 1107 (9th Cir. 2003) (remanding to district court for development of facts regarding counsel's failure to provide portions of file and to assess legal significance thereof), rev'd on other grounds sub nom. Pliler v. Ford, 542 U.S. 225 (2004). Even if equitable tolling were available to petitioner on the basis of counsel's failure to provide her with her court papers until October 2002, such tolling is of no avail to petitioner. With such tolling, the limitations period would have expired in October 2003, i.e., ten months before the instant federal petition was filed in August 2004 and two months before any statutory tolling was available to petitioner based on her first state habeas petition, which, as noted, was filed in December 2003. Accordingly, tolling of the limitations period until October 2002 would not render the instant petition timely.

Petitioner states she "had and still has difficulty with English," which is not her first language. A petitioner's language limitations justify equitable tolling only if they actually prevent timely filing. See Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006). Here, although petitioner claims to have some "difficulty" with English, she does not assert such difficulty prevented her from timely filing her federal petition. Moreover, the papers petitioner has filed pro se herein and in the state courts demonstrate she is proficient in English.[3] See id. (holding petitioner who demonstrates proficiency in English may not rely

---

[3] Petitioner does not state, nor is there any indication herein, that her papers were written or translated by someone else. Further, petitioner states she completed 12th grade, albeit without indicating whether such education was in English or in her first language, Tongan.

4

on equitable tolling).

In sum, as none of the reasons submitted by petitioner constitutes a basis for equitable tolling of the limitations period, the petition will be dismissed as untimely.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss is hereby GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

This order terminates Docket Nos. 14 and 17.

The Clerk shall close the file and terminate all pending motions.

IT IS SO ORDERED.

DATED: May 18, 2007

_____
MAXINE M. CHESNEY
United States District Judge